William E. GARRETT, Jr., Plaintiff,

v.

BEAVER RUN SKI ENTERPRISES, INC., Marker U.S.A., and Aspen Skiing Company, Defendants.

No. 86–B–624.

United States District Court, D. Colorado.

Dec. 29, 1988.

Marshall T. Riggs, Chrisman, Bynum & Johnson, P.C., Boulder, Colo., Henry V. Sutton, Memphis, Tenn., for plaintiff.

David B. Higgins, Long & Jaudon, P.C., Denver, Colo., for Beaver Run Ski.

Stephen K. Gerdes, Peter W. Rietz, White & Steele, P.C., Denver, Colo., for Marker U.S.A.

Mary D. Metzger, Michael S. Beaver, William W. Maywhort, Holland & Hart, Englewood, Colo., for Aspen Skiing Co.

## MEMORANDUM OPINION
## AND ORDER

BABCOCK, District Judge.

In this diversity action, plaintiff, William E. Garrett, Jr., seeks money damages for injuries he sustained while skiing at Breckenridge, Colorado. In claim two of his third amended complaint, plaintiff alleges that defendant Marker U.S.A. (Marker) is strictly liable for all damages incurred when the ski bindings manufactured and distributed by Marker failed to release.

Marker moves for partial summary judgment dismissing claim two. (Marker cites Colo.R.Civ.P. 56(b), but I consider the motion to be filed pursuant to Fed.R.Civ.P. 56(b).) Because it does not manufacture but only distributes Marker bindings, Marker alleges that C.R.S. § 13–21–402(1) (1987 Repl.Vol. 6A) precludes an action against it based on strict liability in tort.

In support of its motion, Marker relies on *Shaw v. General Motors Corp.,* 727 P.2d 387 (Colo.App.1986). There, General Motors manufactured the cab and chassis of a truck which was sold unchanged by Daniels Motors, the distributor, to the City of Colorado Springs. The court granted Daniels Motors' motion for summary judgment on the grounds that the dealership was not a manufacturer and thus could not be strictly liable for the allegedly defective truck pursuant to C.R.S. § 13–21–402(1). *Shaw* is distinguishable from this case because plaintiff could obtain Colorado jurisdiction over General Motors and General Motors had no one principal distributor or seller.

C.R.S. § 13–21–402(2), however, provides in pertinent part that:

If jurisdiction cannot be obtained over a particular manufacturer of a product ... alleged to be defective, then that manufacturer's principal distributor or seller over whom jurisdiction can be obtained shall be deemed, ... the manufacturer of the product.

Here, the bindings were manufactured by either Marker Deutschlund, a German company, or Isomura Industries, a Japanese company and Marker was the *sole* distributor of Marker products in the United States. The only issue relevant to defendant's motion is whether jurisdiction can be obtained over these foreign companies.

In this federal diversity case, application of the Fourteenth Amendment minimum contacts standard determines whether the district court can exercise personal jurisdiction over the foreign corporations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), *See also* 4 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1067.1 (1987).

*Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94

L.Ed.2d 92 (1987) is dispositive. There, the United States Supreme Court held that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." The Court found that even though the foreign defendant may have known that the components it manufactured, sold, and delivered outside the United States would reach the forum state of California in the stream of commerce, it did not create, control, or employ the distribution system that brought its product to California, and therefore, it was unreasonable for the California court to exercise jurisdiction over the foreign company.

■ Here, it is undisputed that neither of the foreign companies do business in Colorado. Rather, they sell Marker products to a Utah company that is the sole distributor of Marker products in the United States. Under these circumstances, it would be unreasonable for a Colorado court to exercise jurisdiction over either foreign manufacturer.

■ Moreover, assuming *arguendo* that these foreign companies did have minimum contacts with Colorado, a determination of the reasonableness of the Court's exercise of jurisdiction depends on an evaluation of several factors including the burden on the defendants, the interests of the forum state, and the plaintiff's interest in obtaining relief. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Where, as here, the manufacturers are foreign companies, the plaintiff is not a Colorado resident, and jurisdiction can be obtained over the product's primary distributor, the exercise of personal jurisdiction over Marker Deutschlund or Isomura Industries would be unreasonable as a matter of law.

Accordingly, it is

ORDERED that defendant Marker's motion for summary judgment is denied.